UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT TATE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CV1534 RLW ) |
| FAMILY DOLLAR STORES OF MISSOURI, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 17). Also pending are Defendant Zebulan Boomgaarden's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 7); Defendant Family Dollar Stores of Missouri, Inc.'s Motion to Dismiss and Substitute Defendants (ECF No. 10); and Defendants' Motion to Stay Action and Compel Arbitration (ECF No. 15). The motions are fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiff's Motion to Remand.

## Background

Plaintiff filed a Petition in St. Louis County, Missouri on July 29, 2014 and a First Amended Petition on September 2, 2014 against Defendants Family Dollar Stores of Missouri, Inc. ("Family Dollar") and Zebulan Boomgaarden. (Notice of Removal Exs. A and B, ECF Nos. 1-1, 1-2) In the First Amended Petition, Plaintiff alleges that he was employed by Family Dollar Stores of Missouri, Inc. as an Area Loss Prevention Manager. (First Am. Pet. ¶ 4, ECF No. 4) He claims that Defendants had a pattern and practice of discriminating against Plaintiff by treating white employees differently than black employees. (*Id.* at ¶ 6) Plaintiff maintains that on July 19, 2013, he expressed his concerns regarding Family Dollar's treatment toward himself

and other minority team members to his direct supervisor Barney Carroll and the Regional Supervisor, Defendant Boomgaarden. (*Id.* at ¶¶ 7-8) Additionally, Plaintiff asserts that he was previously placed on a Performance Improvement Plan, and on September 6, 2013, Mr. Carroll informed Plaintiff that his performance was worsening. (*Id.* at ¶ 9) Out of frustration, Plaintiff threw a small staple remover at a wall. (*Id.* at ¶ 10) That day, Plaintiff informed Defendant Boomgaarden of his frustration and about the staple remover incident, but Defendant Boomgaarden told Plaintiff not to worry. (*Id.*) On September 12, 2003, Plaintiff met with Mr. Carroll and Defendant Boomgaarden, who gave Plaintiff the option of resignation or termination. (*Id.* at ¶12) Plaintiff chose termination because he believed Defendants discriminated against him. (*Id.*)

Plaintiff was discharged on September 12, 2013, and he alleges that Defendants discharged him based upon his race and in retaliation for complaining about racial and gender discrimination. (*Id.* at ¶ 13) He filed a Charge of Discrimination with the Missouri Human Rights Commission ("MCHR") against Family Dollar Stores and Zeb Boomgaarden, claiming that he was fired because of his African American race and because he complained about conduct he believed was racially discriminatory. (Charge of Discrimination, ECF No. 22-2) Plaintiff obtained a right to sue letter on June 23, 2014. (First Am. Pet. ¶ 14 and Ex. 1, ECF Nos. 4, 4-1) Plaintiff thereafter filed a Petition in the Circuit Court of St. Louis County, Missouri. On September 2, 2014, the state court granted him leave to file a First Amended Petition, which asserts that Defendants discriminated against Plaintiff by terminating his employment based on his race, African American, and in retaliation for his allegations of race and gender discrimination, resulting in lost wages and benefits, as well as emotional and punitive damages. (*Id.* at ¶¶ 15-18)

Defendants removed the action to federal court on September 8, 2014, claiming that this Court has diversity jurisdiction over this action due to Plaintiff's fraudulent joinder of both Family Dollar Stores of Missouri, Inc. and individual Defendant Boomgaarden. (Notice of Removal ¶¶ 7-24, ECF No. 1) Defendants maintain that Plaintiff named the wrong employer to defeat diversity jurisdiction and that the proper Defendant employer is Family Dollar Operations, Inc., which is incorporated in the State of North Carolina and has its principal place of business in North Carolina. (*Id.* at ¶¶ 8-10) Defendants contend that the MHRA charge of discrimination and the right to sue letter is against Family Dollar Stores, Inc. and not Family Dollar Stores of Missouri, Inc. (*Id.* at ¶¶ 6, 10) Further, Defendants argue that Defendant Boomgaarden was not Plaintiff's immediate supervisor, did not evaluate Plaintiff's performance, and did not participate in the decision making process that led to Plaintiff's discipline or ultimate termination. (*Id.* at ¶¶ 13-23) Instead, Defendants maintain that the proper Defendant is Plaintiff's immediate supervisor, Barney Carroll, who resides in the State of Kansas. (*Id.* at 14-15)

In response, Plaintiff filed a Motion to Remand, asserting that Defendants improperly removed the action to federal court because even though Family Dollar Stores of Missouri, Inc. was not named in the right to sue letter, Plaintiff did not fraudulently join that entity because Plaintiff has a reasonable basis to believe that it was Plaintiff's employer. Further, Plaintiff argues that Defendant Boomgaarden was involved in Plaintiff's employment, as Plaintiff had discussed his job frustration and his termination directly with Boomgaarden. Plaintiff also maintains that Defendant Boomgaarden provided input regarding Plaintiff's performance. Defendant Boomgaarden, on the other hand, maintains that the claim is frivolous because he never took any adverse against Plaintiff and that Plaintiff joined Boomgaarden as a Defendant solely to defeat diversity jurisdiction.

3

## Discussion

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The removing party has the burden of establishing that diversity jurisdiction exists by a preponderance of the evidence. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted).

Fraudulent joinder is an exception to the complete diversity rule, and it occurs "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (citation omitted). "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident . . . not on the artfulness of the pleadings.") (internal citation omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'"

4

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). Further, in determining whether joinder of a defendant is fraudulent, "'the court may not step from the threshold jurisdictional issue into a decision on the merits.'" *Messmer v. Kindred Hosp. St. Louis,* No. 4:08-CV-749 CEJ, 2008 WL 4948451, at *2 (E.D. Mo. Nov. 10, 2008) (quoting *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)).

In the instant case, Defendant Boomgaarden maintains that no reasonable basis exists for the Court to find that Plaintiff could sue Mr. Boomgaarden individually under the Missouri Human Rights Act ("MHRA") because he does not allege that Mr. Boomgaarden took any adverse action against Plaintiff. The Court disagrees and finds that the case should be remanded to the state court.

Under the MHRA, it is unlawful for an employer to discharge or otherwise discriminate "against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of that individual's race or color. Mo. Rev. Stat. § 213.055.1(1)(a). The Act defines an employer as "any person directly acting in the interest of an employer." Mo. Rev. Stat. § 213.010(7). Thus, an employee serving in a supervisory or managerial capacity may be individually liable for an MHRA violation." *Messmer*, 2008 WL 4948451, at *2.

Here, the Court finds that Defendant Boomgaarden may be subject to liability because the Petition sufficiently alleges that Plaintiff complained to Mr. Boomgaarden directly regarding racially discriminatory treatment toward black employees at Family Dollar Stores, including against Plaintiff. (First Am. Pet. ¶¶ 6-8) Plaintiff further alleges, that shortly after this discussion, he was terminated during a meeting which Defendant Boomgaarden attended. (*Id.* at ¶ 12) Plaintiff avers that Mr. Boomgaarden was involved in the performance evaluation process.

(Pl.'s Mot. to Remand Ex. 2 ¶ 1, ECF No. 17-2) Finally, Plaintiff contends that, based on Plaintiff's many years of employment with Family Dollar Stores and experience with the termination process, Defendant Boomgaarden was consulted about and approved employee terminations. (*Id.* at ¶ 4)

While Defendant invites the Court to make a determination regarding the sufficiency of the complaint against Mr. Boomgaarden, the better practice is for this Court to remand the case and allow the state court to decide. *Filla*, 336 F.3d at 811. Plaintiff's First Amended Petition claims that Defendant Boomgaarden was involved in allegedly discriminatory acts in his capacity as Plaintiff's supervisor. Therefore, Plaintiff has asserted a colorable claim against Mr. Boomgaarden based on the MHRA such that his joinder is not fraudulent. *Moss v. Defender Servs., Inc.*, No. 1:08-CV-88 CAS, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009); *Messmer*, 2008 WL 4948451, at *3. As a result, federal jurisdiction based on diversity does not exist in this case. *Moss*, 2009 WL 90136, at *3.

Because this Court lacks jurisdiction, the Court is precluded from ruling on the remaining substantive motions filed by the Defendants. *Id.* Defendant Zebulan Boomgaarden's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; Defendant Family Dollar Stores of Missouri, Inc.'s Motion to Dismiss and Substitute Defendants; and Defendants' Motion to Stay Action and Compel Arbitration are appropriately left for the state court to determine. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** this case to the Circuit Court of the County of St. Louis, Missouri, from which it was removed. An Order of Remand accompanies this Order.

Dated this 23rd day of December, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE